# Exhibit G

**AMERICAN ARBITRATION ASSOCIATION**

| | | |
|---|---|---|
| **RENEE RUSSELL,** | § | |
| | § | |
| **Claimant,** | § | |
| | § | |
| **v.** | § | **CASE NO. 01-26-0003-0556** |
| | § | |
| **PRIVATE NATIONAL MORTGAGE ACCEPTANCE COMPANY, LLC,** | § | |
| | § | |
| | § | |
| **Respondent.** | § | |
| | § | |

**PRIVATE NATIONAL MORTGAGE ACCEPTANCE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

Respondent Private National Mortgage Acceptance Company, LLC ("Pennymac" or "Respondent") submits its Answer and Affirmative Defenses to the Demand for Arbitration ("Demand") filed by Claimant Renee Russell ("Claimant"), as follows:

**GENERAL DENIAL**

Pennymac denies generally the allegations contained in the Demand, and demands strict proof thereof by a preponderance of the credible evidence. Pennymac reserves its right to raise any applicable defenses in arbitration in accordance with the applicable rules of civil procedure.

**ADDITIONAL AND/OR AFFIRMATIVE DEFENSES**

Pennymac asserts the following affirmative defenses, without assuming any burden of production or proof that it would not otherwise have:

1. Claimant has failed, in whole or in part, to state a claim upon which relief may be granted.

2. Claimant's claims are barred, in whole or in part, by the applicable statute of limitations.

3. At all times, Pennymac made reasonable, good faith efforts to comply with Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), the Employee Retirement Income Security Act of 1974 ("ERISA"), and any and all other applicable laws with regard to Claimant's employment.

4. Claimant has failed, in whole or in part, to mitigate, or reasonably mitigate, her damages, if any.

5. To the extent Claimant seeks remedies beyond those available under Title VII, the ADA, the FMLA, COBRA, or ERISA, including any exclusive civil enforcement provisions of such statutes, such remedies are improper.

6. Pennymac took no actions with respect to Claimant's employment that were contrary to any applicable law.

7. Claimant's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies.

8. Any recovery in this action, which Pennymac denies should be permitted, is limited to the terms, conditions, limitations, exclusions, and other provisions of any healthcare, insurance, employee welfare benefit, or other policy applicable to Claimant.

9. Claimant's claims are barred, in whole or in part, because she failed to satisfy the terms and conditions of any healthcare, insurance, employee welfare benefit, or other policy applicable to Claimant.

10. To the extent Claimant asserts that Pennymac violated ERISA regulations, any violation of such regulations (if found to have occurred) may be based on de minimis violations that did not cause, and were not likely to cause, prejudice or harm to Claimant. Instead, any such

violation (i) was for good cause and/or due to matters beyond Pennymac's control; (ii) occurred in the context of an ongoing, good faith exchange of information between Pennymac and Claimant; and (iii) was not part of a pattern or practice of violations by Pennymac.

11. Any decision to deny Claimant's claim for benefits under any healthcare, insurance, employee welfare benefit, or other policy applicable to Claimant, was in accordance with the terms and conditions of such policy, and was correct, reasonable, and not an abuse of discretion.

12. Claimant cannot satisfy the burden of proof regarding her claims against Pennymac.

13. Claimant's claims fail because she cannot establish a *prima facie* case of discrimination or retaliation.

14. Claimant's claims fail, in whole or in part, because she cannot prove that Pennymac's legitimate, non-discriminatory, and non-retaliatory reasons for its employment actions are pretextual.

15. Without admitting any liability, Pennymac states that any claim by Claimant for front pay, including, without limitation, future lost wages and benefits and future lost income, is too speculative to be permitted.

16. Claimant is not entitled to duplicative remedies for the same underlying actions or omissions in this action. Claimant must elect her remedies.

17. To the extent Claimant seeks the recovery of punitive damages, Pennymac alleges the award of such damages is unconstitutional or, alternatively, that the standards for the assessment and award of such damages are unconstitutional.

18. Any alleged actions by Pennymac or its employees or agents, the actual occurrence of which are specifically denied, were not undertaken willfully, with malice, with intent to harm or with conscious or reckless disregard to Claimant's protected rights.

19. Claimant's damages, if any, are the result of the actions of third parties for whom Pennymac is not responsible.

20. The Demand and the purported claims for relief stated therein are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, ratification, Claimant's own acts or omissions, or estoppel.

21. Any claims and allegations related to discrimination and retaliation are barred to the extent they exceed any charge timely filed with the Equal Employment Opportunity Commission and/or equivalent state agency, and/or for which Claimant received a right-to-sue letter more than ninety (90) days before filing her case, if any.

22. As a result of Claimant's actions herein, Pennymac has been required to retain the services of the undersigned attorneys, and Pennymac is entitled to an award of its reasonable attorneys' fees and costs incurred in defending this action.

23. Pennymac reserves the right to supplement and amend its Original Answer and Affirmative Defenses during the course of its investigation and discovery in this arbitration and to file cross-claims, counter-claims, or third-party demands as further investigation and discovery may warrant and require.

24. Each defense or affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses or affirmative defenses. Pennymac reserves the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

25. The Demand does not describe the claims made against Pennymac with sufficient particularity to enable Pennymac to admit or deny the allegations set forth in the Demand or to determine each and every affirmative defense they may have at this time. Pennymac therefore

reserves the right to assert any additional defenses, including affirmative defenses, which may be discovered or become relevant once the precise nature of Claimant's claims have been ascertained.

WHEREFORE, Pennymac requests that, upon final hearing hereof, judgment be rendered that Claimant take nothing by her demand, and that Pennymac be awarded its costs and expenses, as well as such other and further relief, at law and in equity, to which it may be justly entitled.

Dated: July 23, 2026

Respectfully submitted,

*/s/ Dale A. Evans, Jr.*

Dale A. Evans, Jr.
Florida Bar No. 98496
dale.evans@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
777 S. Flagler Drive, Suite 215 East Tower
West Palm Beach, FL 33401
Telephone: (561) 833-7700
Facsimile:(561) 655-8719

Paul G. Nason
Texas State Bar No. 00797926
paul.nason@troutman.com
Aaron S. Nava
Texas State Bar No. 24134375
aaron.nava@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
2200 Ross Ave., Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Telecopy: (214) 740-8800

**ATTORNEYS FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all parties via electronic mail on July 23, 2026.

*/s/ Dale A. Evans, Jr.*
Dale A. Evans, Jr.