# Exhibit I

**ARBITRATION STATEMENT OF CLAIM & ITEMIZATION OF DAMAGES**

**Claimant:** Renee Russell

**Subject:** Senior DE Mortgage Underwriter

**Target Annual Compensation:** $150,000.00 ($12,500/mo)

**DE Senior Mortgage Underwriter Hourly with Bonus/OT/DOT**

**Base Hourly Rate:** $42.82

**I. FLSA WAGE THEFT (STATUTORY DOUBLE DAMAGES)**

- **Period:** 03/31/2025 to 08/11/2025
- **The Violation:** Willful "time-shaving" of breaks/gap time and denial of double-overtime rates, with willful time card manipulation.
- **Off-the-Clock Addendum (VPN Login):** Respondent failed to compensate Claimant for mandatory pre-shift principal activities, averaging 10 minutes per day to log into the secure VPN and network infrastructure prior to accessing the timekeeping system across 1,476 working days (12/02/2019 to 08/11/2025).
- **The Penalty:** 100% Liquidated Damages (Mandatory Doubling).
- **TOTAL WAGE CLAIM:** $106,569.52 *(Reflecting $85,501.98 for time-shaving and $21,067.54 for uncompensated VPN authentication logs)*.

**II. CIVIL THEFT & ERISA RESTITUTION**

- **Status:** FACTUALLY PRESERVED / MONETARILY RESERVED FOR FEDERAL COURT
- **The Violation:** Withholding $223,118.17 in 401(k) assets under a fabricated "Non-FMLA" shadow policy to extort a corporate resignation while Claimant was physically incapacitated.
- **Reservation of Rights:** Individual employment arbitration clauses cannot bind plan-wide fiduciary claims under federal employee retirement benefit laws. The Claimant factually retains this narrative to demonstrate Economic Duress to void the arbitration agreement under applicable state law, but formally reserves the right to recover the $134,725.45 in direct market losses and treble damages ($337,639.12) in a separate Federal Court action.
- **ARBITRATION PILLAR II SUB-TOTAL:** $0.00 (Reserved for Federal Jurisdiction)

### III. DISABILITY DISCRIMINATION & RETALIATION AWARDS (ADA / FCRA COMPENSATORY)

- **The Violation:** Respondent failed to accommodate documented physical restrictions (10-minute breaks), weaponized the corporate leave system, terminated medical benefits prematurely via backdated COBRA notices, and executed an aggressive retaliatory "squeeze" campaign after protected whistleblower and EEOC activity.
- **Compensatory Value:** Under the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act (FCRA), separate and apart from career earnings loss, the Claimant is entitled to distinct compensatory awards for severe emotional distress, profound humiliation, anxiety, and the extreme physical aggravation (such as documented triple-digit blood pressure spikes) caused by corporate hostility.
- **TOTAL COMPENSATORY REMEDY AWARD:** $300,000.00 (Maximum Statutory Cap for large employers)

### IV. MEDICAL MALICE AGGRAVATION PENALTY

- **Statutory Basis:** ADA / Florida Civil Rights Act
- **The Violation:** Respondent and Chubb intentionally stalled four critical surgeries and forced the Claimant to work against restrictions, creating a permanent "medical lock, that continues."
- **The Penalty:** Disability Multiplier (2.0x). This penalty doubles the compensatory value of the career loss due to the "aggravated" nature of ignoring medical restrictions.
- **Reservation of Rights Regarding Insurer Bad Faith:** Pursuant to the explicit exclusions within the Respondent's Mutual Arbitration Policy (MAP), claims for workers' compensation benefits are strictly non-arbitrable. The Claimant details this surgical interference here exclusively as factual evidence of an ADA violation and Constructive Discharge. The Claimant explicitly reserves the right to pursue a separate statutory Insurer Bad Faith action against Chubb and the Respondent in a court of law upon the final resolution of the underlying workers' compensation claim.
- **DISABILITY PENALTY SUB-TOTAL:** $522,663.02

### V. CAREER DESTRUCTION (ECONOMIC RESTORATION)

- **Back Pay Differential:** Gap between $150k target and $1,295/wk WC Cap: $82,660.00.
- **Front Pay (Total Loss):** 10-year career destruction of a Senior DE Underwriter: $1,500,000.00.
- **Credential Rehabilitation:** Restoration of HUD/FHA standing jeopardized by fraud: $100,000.00.

### VI. PUNITIVE DAMAGES (OPPRESSIVE & MALICIOUS CONDUCT)

- **Basis for Award:** Requested at the discretion of the Arbitrator based on clear and convincing evidence of Respondent's oppressive conduct. The Respondent intentionally weaponized administrative leave structures, fabricated a "Ghost Payroll" entry to create phantom tax liabilities, backdated critical health notices, and engaged out-of-state counsel to falsely represent the Claimant's medical clearance—all deliberately executed to destabilize a disabled worker during extreme economic duress while recovering from major open surgery.

### VII. FINAL GLOBAL SETTLEMENT SUMMARY

| Pillar | Category of Damage | Statutory Basis / Multiplier | Total Amount |
| --- | --- | --- | --- |
| I | FLSA Wage Theft | 2.0x (Mandatory Doubling) | $106,569.52 |
| II | Civil Theft / ERISA Fiduciary Breach | Reserved for Federal Court | $0.00 (Reserved) |
| III | Disability & Retaliation Awards | ADA / FCRA Compensatory Cap | $300,000.00 |
| IV | Medical Malice Aggravation | 2.0x Multiplier on Career Loss | $522,663.02 |
| V | Career & Credential Loss | Base Restoration (Back/Front/HUD) | $1,682,660.00 |

| Pillar | Category of Damage | Statutory Basis / Multiplier | Total Amount |
|---|---|---|---|
| VI | Punitive Damages | Arbitrator's Discretion | To Be Determined |
| **TOTAL** | **GLOBAL ARBITRATION DEMAND** | | **$2,611,892.54** *(Plus Punitive)* |

**CONCLUDING NARRATIVE FOR THE ARBITRATOR**

"The demand of $2,611,892.54 represents the minimum base requirement to restore the Claimant's financial future and achieve make-whole relief within this forum. While the Claimant currently receives a Workers' Compensation benefit of $1,295.00 per week due to the Florida Workman's Compensation Wage Cap, this statutory benefit covers less than 45% of her established earning capacity ($150,000/year).

The Claimant seeks the full economic differential as back pay, front pay, and credential rehabilitation, as the Workers' Comp system provides zero compensation for the complete destruction of specialized DE Underwriter credentials or the double damages mandated by the FLSA for willful, predatory wage theft. The wage theft claims are itemized into two distinct categories: manual system break-time shaving and multi-year uncompensated pre-shift secure VPN network authentication logs. Under False Claims Act Respondent can't subject the Claimant to potential jail time and financially penalties due to Respondent way they conducted their compliance for mortgage loan underwriting for business needs and profits.

The inclusion of $300,000.00 in compensatory damages is specifically sought under the ADA and FCRA for the profound emotional distress, humiliation, and retaliatory hostility inflicted upon the Claimant. This cap-level award is justified by the Respondent's malicious timing—orchestrating an administrative 'squeeze' campaign precisely when the Claimant was physically vulnerable, recovering from invasive surgery, and facing the abandonment of her worker's compensation medical care.

The Respondent's conduct went far beyond standard business disputes or needs; weaponized corporate systems against an injured worker during and post-surgical vulnerability and utilized unauthorized out-of-state counsel to execute a financial squeeze campaign. For these egregious acts, the Claimant requests the full itemized base awards

alongside an assessment of punitive damages to address a clear pattern of malice and bad faith."