# Exhibit K

**AMERICAN ARBITRATION ASSOCIATION**

| | | |
|---|---|---|
| **RENEE RUSSELL,** | § | |
| | § | |
| **Claimant,** | § | |
| | § | |
| **v.** | § | **CASE NO. 01-26-0003-0556** |
| | § | |
| **PRIVATE NATIONAL MORTGAGE ACCEPTANCE COMPANY, LLC,** | § | |
| | § | |
| | § | |
| **Respondent.** | § | |
| | § | |

**PRIVATE NATIONAL MORTGAGE ACCEPTANCE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

Respondent Private National Mortgage Acceptance Company, LLC ("Pennymac" or "Respondent") submits its Answer and Affirmative Defenses to the Amended Demand for Arbitration[1] ("Amended Demand") filed by Claimant Renee Russell ("Claimant"), as follows:

## GENERAL DENIAL

Pennymac denies generally the allegations contained in the Amended Demand, and demands strict proof thereof by a preponderance of the credible evidence. Pennymac reserves its right to raise any applicable defenses in arbitration in accordance with the applicable rules of civil procedure.

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

Pennymac asserts the following affirmative defenses, without assuming any burden of production or proof that it would not otherwise have:

[1] Claimant filed her Demand for Arbitration with the AAA on May 1, 2026. After the AAA initiated this arbitration, Pennymac timely filed its Answer on July 23, 2026. Later that same day, Claimant filed an Amended Demand (titled an "Arbitration Statement of Claim & Itemization of Damages"). Accordingly, Pennymac files this Answer to the Amended Demand.

1. Claimant has failed, in whole or in part, to state a claim upon which relief may be granted.

2. Claimant's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Claimant's claims regarding the validity or enforceability of the arbitration agreement between Claimant and Pennymac are barred, in whole or in part, because Claimant voluntarily invoked that agreement to initiate this proceeding.

4. At all times, Pennymac made reasonable, good faith efforts to comply with Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), the Employee Retirement Income Security Act of 1974 ("ERISA"), the Fair Labor Standards Act ("FLSA"), the Florida Civil Rights Act ("FCRA"), and any and all other applicable laws with regard to Claimant's employment.

5. Claimant has failed, in whole or in part, to mitigate, or reasonably mitigate, her damages, if any.

6. To the extent Claimant seeks remedies beyond those available under Title VII, the ADA, the FMLA, COBRA, ERISA, the FLSA, or the FCRA, including any exclusive civil enforcement provisions of such statutes, or seeks miscellaneous categories of relief not recognized under any applicable statute, such remedies are improper.

7. Pennymac took no actions with respect to Claimant's employment that were contrary to any applicable law.

8. Claimant's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies.

9. Any claim under the FLSA arising more than two years prior to the filing of this arbitration is barred by the statute of limitations set forth in 29 U.S.C. § 255(a).

10. Claimant's claims are barred, in whole or in part, because any alleged off-the-clock work was not compensable time.

11. Claimant's claims are barred, in whole or in part, because, if Claimant performed uncompensated off-the-clock work (which Pennymac denies), Pennymac did not know and should not have known about such work.

12. Claimant's claims are barred, in whole or in part, to the extent Claimant seeks compensation for activities that were preliminary or postliminary to her principal work activities and that were not integral and indispensable to such activities.

13. Any recovery on Claimant's claims is barred, in whole or in part, because Claimant was paid all compensation to which she was entitled and to which she voluntarily agreed and expected.

14. Claimant's claims regarding alleged unpaid wages under the FCRA are barred to the extent they are preempted by the FLSA.

15. Pennymac is entitled to a set-off for amounts that Claimant owes to Pennymac for receipt of any wages, compensation, money and/or benefits to which she was not entitled and/or did not earn.

16. Claimant's claims are barred, in whole or in part, because any alleged losses are *de minimis* and cannot be recovered as a matter of law.

17. Any recovery in this action, which Pennymac denies should be permitted, is limited to the terms, conditions, limitations, exclusions, and other provisions of any healthcare, insurance, employee welfare benefit, or other policy applicable to Claimant.

18. Claimant's claims are barred, in whole or in part, because she failed to satisfy the terms and conditions of any healthcare, insurance, employee welfare benefit, or other policy applicable to Claimant.

19. To the extent Claimant asserts that Pennymac violated ERISA regulations, any violation of such regulations (if found to have occurred) may be based on de minimis violations that did not cause, and were not likely to cause, prejudice or harm to Claimant. Instead, any such violation (i) was for good cause and/or due to matters beyond Pennymac's control; (ii) occurred in the context of an ongoing, good faith exchange of information between Pennymac and Claimant; and (iii) was not part of a pattern or practice of violations by Pennymac.

20. Any decision to deny Claimant's claim for benefits under any healthcare, insurance, employee welfare benefit, or other policy applicable to Claimant, was in accordance with the terms and conditions of such policy, and was correct, reasonable, and not an abuse of discretion.

21. Claimant cannot satisfy the burden of proof regarding her claims against Pennymac.

22. Claimant's claims fail because she cannot establish a *prima facie* case of discrimination or retaliation.

23. Claimant's claims fail, in whole or in part, because she cannot prove that Pennymac's legitimate, non-discriminatory, and non-retaliatory reasons for its employment actions are pretextual.

24. Without admitting any liability, Pennymac states that any claim by Claimant for front pay, including, without limitation, future lost wages and benefits and future lost income, is too speculative to be permitted.

25. Claimant is not entitled to duplicative remedies for the same underlying actions or omissions in this action. Claimant must elect her remedies.

26. To the extent Claimant seeks the recovery of punitive damages, Pennymac alleges the award of such damages is unconstitutional or, alternatively, that the standards for the assessment and award of such damages are unconstitutional.

27. To the extent Claimant seeks the recovery of punitive damages, such claim is barred, in whole or in part, because any improper actions by Pennymac's agents or employee(s), which Pennymac expressly denies, were contrary to Pennymac's good faith efforts to comply with applicable laws.

28. Any alleged actions by Pennymac or its employees or agents, the actual occurrence of which is specifically denied, were not undertaken willfully, with malice, with intent to harm or with conscious or reckless disregard to Claimant's protected rights.

29. Some or all of the claims in the Amended Demand are barred, in whole or in part, because all acts or omissions were in good faith conformity with and reliance on the written administrative regulations, orders, rulings, approvals, and/or interpretations of the Wage and Hour Division of the U.S. Department of Labor and/or the applicable state department of labor.

30. Claimant's damages, if any, are the result of the actions of third parties for whom Pennymac is not responsible.

31. Claimant may not recover liquidated damages under the FLSA or applicable state law because: (i) Pennymac (including its officers, managers, and agents) acted with reasonable grounds to believe their alleged acts or omissions did not violate the FLSA or state law and otherwise acted in good faith; and (ii) Pennymac (including its officers, managers, and agents) did not authorize, or ratify, any violation with respect to Claimant.

32. Any state law claim in the Amended Demand, including alleged civil theft, that relates to the administration, distribution, or withholding of benefits under an ERISA-covered employee benefit plan, fails, in whole or in part, because such claim is preempted by ERISA.

33. Claimant's claim for alleged civil theft fails, in whole or in part, because Claimant failed to comply with the pre-suit written demand requirement of Fla. Stat. § 772.11(1).

34. Claimant's claims arising from the alleged provision, denial, or delay of medical treatment or benefits under Florida's workers' compensation system are barred, in whole or in part, by the exclusivity provisions of Fla. Stat. § 440.11.

35. The Amended Demand and the purported claims for relief stated therein are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, ratification, Claimant's own acts or omissions, or estoppel.

36. Claimant's claims are barred, in whole or in part, by the doctrines of consent and/or agreement based on Claimant's acceptance of wages paid to her throughout her employment without protest and of final wages paid to her without protest upon the termination of her employment and her failure to demand payment.

37. Any claims and allegations related to discrimination and retaliation are barred to the extent they exceed any charge timely filed with the Equal Employment Opportunity Commission and/or equivalent state agency, and/or for which Claimant received a right-to-sue letter more than ninety (90) days before filing her case, if any.

38. Claimant's claims arising under the False Claims Act ("FCA") are barred, in whole or in part, because Claimant lacks standing to pursue a claim under the FCA.

39. As a result of Claimant's actions herein, Pennymac has been required to retain the services of the undersigned attorneys, and Pennymac is entitled to an award of its reasonable attorneys' fees and costs incurred in defending this action.

40. Pennymac reserves the right to supplement and amend its Original Answer and Affirmative Defenses during the course of its investigation and discovery in this arbitration and to file cross-claims, counter-claims, or third-party demands as further investigation and discovery may warrant and require.

41. Each defense or affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses or affirmative defenses. Pennymac reserves the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

42. The Amended Demand does not describe the claims made against Pennymac with sufficient particularity to enable Pennymac to admit or deny the allegations set forth in the Amended Demand or to determine each and every affirmative defense they may have at this time. Pennymac therefore reserves the right to assert any additional defenses, including affirmative defenses, which may be discovered or become relevant once the precise nature of Claimant's claims have been ascertained.

WHEREFORE, Pennymac requests that, upon final hearing hereof, judgment be rendered that Claimant take nothing by her demand, and that Pennymac be awarded its costs and expenses, as well as such other and further relief, at law and in equity, to which it may be justly entitled.

Dated: August 5, 2026

Respectfully submitted,

*/s/ Dale A. Evans, Jr.*
Dale A. Evans, Jr.
Florida Bar No. 98496
dale.evans@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
777 S. Flagler Drive, Suite 215 East Tower
West Palm Beach, FL 33401
Telephone: (561) 833-7700
Facsimile:(561) 655-8719

Paul G. Nason
Texas State Bar No. 00797926
paul.nason@troutman.com
Aaron S. Nava
Texas State Bar No. 24134375
aaron.nava@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
2200 Ross Ave., Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Telecopy: (214) 740-8800

**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all parties via AAA WebFile on August 5, 2026.

*/s/ Dale A. Evans, Jr.*
Dale A. Evans, Jr.