# Exhibit N

**Nava, Aaron**

| | |
|---|---|
| **From:** | AAA Sherika Samuel <SherikaSamuel@adr.org> |
| **Sent:** | Thursday, August 6, 2026 3:33 PM |
| **To:** | Renee Russell; AAA Sherika Samuel; Nason, Paul; Nava, Aaron; Evans, Dale |
| **Subject:** | RE: Subject: URGENT – Objection to Arbitrator Appointment and Fee Non-Compliance and Arbitration Stay – Case 01-26-0003-0556 in accordance to R-2. |
| **Attachments:** | COMPLETED SERVICE OF FEDERAL COMPLAINT.pdf; URGENT: Notice of Service of Federal Case / Mandatory Rule R-2(c) Stay - AAA Case No. 01-26-0003-0556 |

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Good afternoon,

Per the below and attached email request(s) from Claimant, this case is now stayed for 90 days per **Employment Rule R-2**. Please keep the AAA updated should anything change regarding the status of this AAA case.

Respectfully,

**AAA Sherika Samuel**
Manager of ADR Services

American Arbitration Association
1 Glenlake Parkway NE, Suite 650, Atlanta, GA 30328
E: SherikaSamuel@adr.org
adr.org | icdr.org | aaaicdrfoundation.org
**Explore 100 Years of AAA**

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, discl distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immedia reply email and destroy all copies of the transmittal. Thank you.

**From:** Renee Russell <mrsrussell1970@gmail.com>
**Sent:** Tuesday, August 4, 2026 9:09 PM
**To:** AAA Sherika Samuel <SherikaSamuel@adr.org>; Nason, Paul <Paul.Nason@troutman.com>; Nava, Aaron <aaron.nava@troutman.com>; Evans, Dale <Dale.Evans@troutman.com>
**Subject:** Subject: URGENT – Objection to Arbitrator Appointment and Fee Non-Compliance and Arbitration Stay – Case 01-26-0003-0556 in accordance to R-2.

***** External E-Mail – Use Caution *****

Dear AAA Case Manager,

Claimant writes to formally object to the ongoing arbitrator appointment process and requests an immediate administrative stay.

I am within my rights to exercise this option since the case was opened effectively July 8, 2026 with late pay extension and opposing counsel provided their answer on my claim on 7/23/26 with fee shifting and denials on everything and I filed a federal court case on July 29, 2026, the Arbitrator was not assigned at that time.

R-2. Judicial Intervention If, within 30 calendar days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 90 calendar days to permit the party to obtain an order regarding the arbitration from the court. The AAA may extend that time period on its own initiative or at the request of a party for good cause shown. Any request by a party to extend the time period must be made before the expiration of the initial suspension or any approved extension.

A threshold dispute has arisen regarding the allocation of fees. Opposing counsel is actively attempting to improperly shift fee obligations onto the Claimant before proceedings have commenced according to the response on 7/23/26 from opposing counsel and arbitrator was not assigned or accepted at that time either.

This is a direct violation of the governing contract and a breach of **Employment/Workplace Fee Schedule** which mandates that the company/initiating party bears these administrative and arbitrator expenses, not fee shift attorney fees onto Claimant for the former employer's counsel that is requesting this venue. My case is not frivolous and it's documented.

Furthermore, Claimant has a pending federal court action **Federal court case # 6:26-cv-01650-JSS-DCI** explicitly asking the Court to determine the scope and validity of this arbitration.

Claimant can't participate in finalizing the arbitrator selection while these critical fee disputes and jurisdictional disputes remain unresolved. I respectfully request that the AAA immediately pause the appointment clock and stays the arbitration until the judge renders a decision.

Sincerely,
*Renee Russell*