**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Case No. 6:26-CV-01650-JSS-DCI

RENEE RUSSELL (formerly Renee Perez),

Plaintiff,

v.

PENNYMAC LOAN SERVICES, LLC, a/k/a
PRIVATE NATIONAL MORTGAGE
ACCEPTANCE COMPANY, LLC,

Defendant.
_______________________________________/

**DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Defendant Private National Mortgage Acceptance Company, LLC ("Pennymac" or "Defendant"), pursuant to Local Rule 3.01(e), moves for leave to file a reply to Plaintiff Renee Russell's ("Plaintiff") Response in Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings ("Response," Doc. 14).

"While parties may ask for leave to file a reply, they must show good cause." *Herezi v. 31-W Insulation Co., Inc. Huntsman Bldg. Sols. USA LLC*, No. 5:23-cv-646-MMH-PRL, 2025 WL 1913203, at *1 (M.D. Fla. May 1, 2025) (citation omitted). Generally, "the purpose of a reply brief is to rebut any new

law or facts contained in the opposition[']s response to a request for relief before the Court." *Id.* (citation omitted). Ultimately, good cause exists where a reply brief "benefits the Court's resolution of the pending motion." *Id.*

Pennymac's Motion to Compel Arbitration argues that all of Plaintiff's claims are subject to mandatory binding arbitration pursuant to the parties' Mutual Arbitration Policy, executed in March 2023 ("MAP"). In her Response, Plaintiff states that she "does not dispute her electronic execution of the 2023 [MAP]." Doc. 14 at p. 2. However, Plaintiff dedicates a majority of the Response to asking the Court to determine whether a 2019 arbitration agreement is enforceable. Pennymac did not address this in the Motion to Compel because Pennymac is not seeking to compel arbitration under the 2019 agreement. Accordingly, a reply is necessary to clarify this threshold point for the Court.

Plaintiff also argues in her Response that certain claims are not subject to mandatory arbitration because they fall within the MAP's exclusion for "claims based on a retirement or benefit plan containing an arbitration or other resolution procedure." Doc. 14 at p. 5. A reply is necessary to explain that the standard, statutorily required language in Pennymac's 401(k) plan (and other benefits plans) is not an "arbitration or other resolution procedure."

Finally, a reply is necessary so that Pennymac can address Plaintiff's new argument regarding workers' compensation benefits. In her Complaint, Plaintiff did not assert a cause of action against Pennymac related to workers'

compensation benefits. Now, she argues that "to the extent the federal pleading contains a [workers' compensation] retaliation claim, the Court should determine [the] arbitrability" of such claim. Doc. 14 at p. 19. A reply is necessary to address this new argument, particularly because the Court cannot rule on claims that Plaintiff never asserted in this lawsuit.

Pennymac believes that the Court will be assisted in addressing the parties' dispute if it is permitted to submit a reply brief addressing Plaintiff's new arguments and clarifying threshold, undisputed issues for the Court. Accordingly, Pennymac's submission of a reply—not to exceed seven pages—will benefit the Court's resolution of its Motion to Compel Arbitration, such that good cause exists to grant the Motion. *Weiss v. AT&T Inc.*, No. 6:23-cv-120-WWB-EJK, 2023 WL 3092631, at *1 (M.D. Fla. Apr. 26, 2023) (permitting defendants to file reply to plaintiff's opposition to defendants' motion to compel arbitration because "a reply brief could aid in the resolution of the underlying motion"); *See also Robinson v. Nat'l Credit Sys., Inc.*, No. 2:17-cv-386-FtM-38CM, 2018 WL 11252314, at *1 (M.D. Fla. Oct. 10, 2018)

Pennymac respectfully requests that the Court grant its Motion and allow Pennymac leave to file a seven-page reply to Plaintiff's Opposition to Pennymac's Motion to Compel Arbitration, within two (2) weeks of the Court's Order granting this Motion.

## LOCAL RULE 3.01(G) CERTIFICATION

I have conferred with Plaintiff via email on September 9, 2026, regarding the relief requested in this Motion for Leave. Plaintiff opposes the relief sought in this Motion for Leave.

*/s/ Dale A. Evans, Jr.*

Dale A. Evans, Jr.
Florida Bar No. 98496
dale.evans@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
777 S. Flagler Drive, Suite 215-E
West Palm Beach, FL 33401
Telephone: (561) 833-7700
Facsimile:(561) 655-8719

*Counsel for Defendant Private National Mortgage Acceptance Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF. Because Plaintiff is a pro se litigant who may not be a registered CM/ECF user, a true and correct copy of the foregoing was also served via U.S. First-Class Mail, postage prepaid, addressed to:

Renee Russell
6929 Five Oaks Drive
Harmony, FL 34773

*/s/ Dale A. Evans Jr.*
Dale A. Evans Jr.