**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEE RUSSELL (formerly Renee Perez),

Plaintiff,

Case No. 6:26-CV-01650-JSS-DCI

v.

PENNYMAC LOAN SERVICES, LLC,
a/k/a PRIVATE NATIONAL MORTGAGE ACCEPTANCE COMPANY, LLC,

Defendant.
______________________________________/

# DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

## I. Introduction

The Court should compel arbitration of all eight counts of Plaintiff's Complaint. Plaintiff admits she electronically signed the 2023 Mutual Arbitration Policy ("MAP")—a fatal concession that forecloses her ability to avoid arbitration. Rather than confront this reality, Plaintiff devotes much of her opposition to challenging a 2019 arbitration agreement that Pennymac never invoked, misinterpreting the MAP's retirement-plan and workers' compensation exclusions, and asserting unconscionability without establishing procedural or substantive unconscionability as required by Florida law.

None of these arguments has merit. The 2023 MAP is a valid, enforceable agreement covering "any and all disputes relating to or arising out of" Plaintiff's employment or her termination, and Eleventh Circuit courts routinely enforce employment arbitration agreements presented on a take-it-or-leave-it basis. Plaintiff's ERISA claims are federal statutory causes of action—not "claims for benefits" under any retirement plan—and thus fall squarely within the MAP's broad coverage. Her workers' compensation argument fares no better: she has not pleaded a workers' compensation claim in this lawsuit, and even if she had, retaliation claims are not excluded claims "for workers' compensation benefits." In short, Plaintiff has not identified any valid defense to enforcement, and the Court should compel all claims to arbitration.

## II. An Enforceable Arbitration Agreement Exists

Plaintiff admits that she voluntarily signed the 2023 MAP on March 27, 2023, acknowledging that "the MAP is a condition of [her] employment" and agreeing to arbitrate all employment-related claims. Doc. 1-2, MAP at p. 5; *see also* Doc. 14, Response at pp. 1, 2, 6, 15. The DocuSign Certificate of Completion confirms Plaintiff's admission that she signed the agreement. Doc. 1-2, MAP at p. 6. In an effort to distract from this fatal admission, Plaintiff repeatedly questions the validity of a different agreement signed in 2019, even though Pennymac does not reference a 2019 arbitration agreement

anywhere in its Motion to Compel. Accordingly, this argument is an irrelevant red herring.[1]

Plaintiff asserts an "alternative" challenge to enforcement on grounds of unconscionability. Doc. 14, Response, at p. 7. She concedes that signing the 2023 MAP on a take-it-or-leave-it basis during her employment does not, on its own, constitute unconscionability. *Id.* Instead, her alternative unconscionability argument is based on the "complete contractual setting":

> [S]uccessive arbitration instruments: no execution evidence in the 2019 copy before the Court; PennyMac's representation that the required 2019 agreement would be signed and kept on file; the pre-hiring ERSD creation date and Plaintiff's testimony that she does not recall receiving it in 2019; the ERSD's paper/electronic-delivery choices; and the later mandatory 2023 MAP.

*Id.* at pp. 7–8. Plaintiff maintains these circumstances are "relevant to procedural unconscionability" but acknowledges "substantive unconscionability also must be established under Florida law." *Id.* at p. 8. Plaintiff demonstrates neither element.

Employment arbitration agreements that are offered to employees on a take-it-or-leave-it basis as a condition of employment are enforceable. *Hobby*

---

[1] In her Response, Plaintiff further argues that if Pennymac relies on the 2019 MAP, she is entitled to alternative relief under 9 U.S.C. § 4. Doc. 14 at pp. 20–21. Pennymac moves to compel arbitration only under the 2023 MAP. In any event, Pennymac, not Plaintiff, is the party seeking to enforce the written arbitration agreement. Accordingly, Plaintiff's reliance on this statute is misplaced because Pennymac is the "party aggrieved by the alleged failure, neglect, or refusal of [Plaintiff] to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4.

*Lobby Stores, Inc. v. Cole*, 287 So. 3d 1272, 1275–77 (Fla. 5th DCA 2020) (enforcing a "take-it-or-leave-it" employment arbitration agreement); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1377–79 (11th Cir. 2005); *Lambert v. Signature Healthcare, LLC*, No. 19-11900, 2022 WL 2571959 at *5–6 (11th Cir. Jul. 8, 2022). Plaintiff entirely fails to offer any basis for the finding of substantive unconscionability.

## III. All of Plaintiff's Claims are Arbitrable

This Court should compel arbitration because the only reasonable interpretation of the 2023 MAP is that it covers all of Plaintiff's claims. *See AT&T Tech., Inc. v. Comm'n Workers of America*, 475 U.S. 643, 650 (1986). Plaintiff's attempts to exclude certain claims from mandatory arbitration through the retirement-or-benefit or the workers' compensation exceptions in the 2023 MAP both fail.[2]

*A. Plaintiff Misinterprets the MAP's Retirement or Benefit Plan Exclusion.*

The 2023 MAP excludes "claims based on a retirement or benefit plan containing an arbitration or resolution procedure." Doc. 1-2, MAP at p. 2; Doc. 14, Response at p. 16. Despite her conclusory label otherwise, Plaintiff did not bring an ERISA "claim[] based on a retirement or benefits plan." *Id.* The

[2] In her Response, Plaintiff also argues the EEOC exclusion in the 2023 MAP may limit arbitrability of her claims. Doc. 14, Response at p. 17. The 2023 MAP's provision preserving the right to file EEOC charges is required by federal law and does not exclude the subsequent lawsuit from arbitration. *See* 29 U.S.C. § 626(f)(4).

administrative claims procedure in the SPD, upon which Plaintiff relies, applies only to a "claim for benefits under the Plan," ***not*** allegations that Pennymac retaliated against Plaintiff by withholding her 401(k) funds. Doc. 1-3, at p. 17. The ERISA regulations define a "claim for benefits" as "a request for a plan benefit or benefits made by a claimant in accordance with a plan's reasonable procedure for filing benefit claims." 29 C.F.R. § 2560.503-1(e). A claim for benefits means "essentially asserting [an employee's] contractual rights under an employee benefit plan," such as alleging that the employee was "entitled to enroll in an employer pension plan but the [employer] had failed to notify [the employee] of their eligibility." *Haines v. Gen. Pension Plan of Intern. Union of Operating Eng'rs*, 965 F. Supp. 2d 119, 123–24 (D.D.C. 2013) (citation modified). Here, Plaintiff makes no such "claim for benefits" in her Complaint.

Plaintiff's Section 404 claim under ERISA is a federal statutory cause of action related to Pennymac's alleged breach of its fiduciary duties. 29 U.S.C. § 1104. Plaintiff's Section 510 claim under ERISA is a federal statutory cause of action related to Pennymac's alleged retaliation against Plaintiff. 29 U.S.C. § 1140.[3] Neither is a claim for benefits, and Plaintiff never submitted a claim through Pennymac's 401(k) plan's administrative claims procedure.

[3] Both Section 404 and 510 claims under ERISA are arbitrable. *See* Doc. 12 at pp. 14–15.

Accordingly, Plaintiff's ERISA claims do not fall within the 2023 MAP's retirement or benefits plan exclusion.

In any event, Plaintiff misunderstands the exclusion in the 2023 MAP. Pursuant to ERISA, all employee benefit plans are required to implement a procedure where a participant can submit claims for benefits and receive a determination. *See* 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(b). The federally mandated language in the SPD is not an arbitration provision or freestanding "other resolution procedure" for purposes of the 2023 MAP exclusion; otherwise, the exclusion would be meaningless. The exclusion applies only to a retirement or benefit plan's own unique arbitration or dispute procedure that conflicts with the 2023 MAP's arbitration procedure. No such conflicting arbitration or dispute procedure exists. Accordingly, Plaintiff cannot avoid mandatory arbitration by invoking an inapplicable exclusion.

*B. Plaintiff's New Workers' Compensation Claims Are Not Properly Before the Court.*

In her Complaint, Plaintiff asserts eight counts against Pennymac: (I) Breach of Fiduciary Duty under ERISA § 1104; (II) Benefit Interference under ERISA § 510; (III) FMLA Interference; (IV) FMLA Retaliation; (V) COBRA Notice Failure; (VI) ADA Discrimination; (VII) ADA and Title VII Retaliation; and (VIII) FLSA Wage Violations. *See generally* Doc. 1, Complaint. Not one count is a workers' compensation claim. Nevertheless, Plaintiff argues that the

2023 MAP excludes "claims for workers' compensation benefits." Doc. 1-2, MAP at p. 2. Further, Plaintiff refers to "a Florida Statutes Section 440.205 retaliation claim" that she did not plead in the Complaint. Doc. 14, Response at p. 19.

Simply put, Plaintiff has not asserted a workers' compensation claim in this case. The Court cannot rule on claims that Plaintiff never asserted. Even if Plaintiff asserted a Section 440.205 retaliation claim, the claim would be subject to mandatory arbitration. *See Audio Visual Innovations, Inc. v. Spiessbach*, 119 So. 3d 522, 526–27 (Fla. 2d DCA 2013) (explaining a retaliation claim is not a claim for benefits through Florida's workers' compensation system). The 2023 MAP exemption applies only to claims seeking workers' compensation benefits like medical, death, or disability benefits that are available through state workers' compensation systems. *See generally* Fla. Stat. § 440. Because the Complaint does not include any claim against Pennymac for workers' compensation retaliation or benefits, the Court should disregard Plaintiff's argument regarding workers' compensation.

## IV. Conclusion

Pennymac respectfully requests that this Court compel Plaintiff to arbitrate all eight counts of the Complaint, and stay all proceedings in this action pending completion of binding arbitration.

*/s/Dale A. Evans Jr.*
Dale A. Evans Jr.
Florida Bar No. 98496
dale.evans@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
777 S. Flagler Drive, Suite 215 East Tower
West Palm Beach, FL 33401
Telephone: (561) 833-7700
Facsimile: (561) 655-8719

*Counsel for Defendant Private National Mortgage Acceptance Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF. Because Plaintiff is a pro se litigant who may not be a registered CM/ECF user, a true and correct copy of the foregoing was also served via U.S. First-Class Mail, postage prepaid, addressed to:

Renee Russell
6929 Five Oaks Drive
Harmony, FL 34773

*/s/ Dale A. Evans Jr.*
Dale A. Evans Jr.

334957572