UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RENEE RUSSELL,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-01650-JSS-DCI**

**PENNYMAC LOAN SERVICES, LLC,**

**Defendant.**

---

# ORDER

This cause comes before the Court for consideration without oral argument on two motions filed on July 29, 2026 by *pro se* Plaintiff Renee Russell: "Plaintiff's Motion for CM/ECF Electronic Filing Access" (Doc. 3, the CM/ECF Motion); and "Plaintiff's Motion for Appointment of Pro Bono Counsel" (Doc. 4, the Appointment Motion). For the reasons stated herein, the Court **DENIES** both motions.

With respect to CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." Admin. Proc. for Elec. Filing § B(4) (November 18, 2025). Further, "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *See Huminski v. Vermont*, No. 2:13-cv-00692-JES-D_F, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011)[1] (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances

---

[1] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority. *See* 11th Cir. R. 36-2.

of the case to authorize his access."); *Landazuri v. City of Port Orange*, No. 6:25-cv-2515-AGM-LHP, 2026 WL 243738, at *1 (M.D. Fla. Jan. 29, 2026) (finding that plaintiffs made no showing of good cause or extenuating circumstances by "merely referencing their pro se status and the convenience of electronic filing"); *see also Gerow v. Blackwell*, No. 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted).

In this instance, Plaintiff has not shown any extenuating circumstances or good cause to authorize her access to file via CM/ECF. Plaintiff has filed several documents without CM/ECF access. *See* Docs. 3, 4, 8, 10, and 14. Accordingly, the Court is not persuaded that CM/ECF access is necessary for Plaintiff to litigate this matter. Further, the Court is not convinced that the filing of future documents in person, by U.S. Mail, or through some other delivery service will be unduly burdensome and prejudicial to Plaintiff. Plaintiff states that she has "access to a personal computer [and] reliable internet access," and she has thus far kept up with the proceedings by delivering her filings in person or by sending them through the mail. Even if Plaintiff's condition limits her ability to file in person, Plaintiff can continue to litigate this matter using the U.S. Mail.

The Court notes that "[a]ny member of the public can access electronic records of the federal courts by registering online with PACER[.]" *Rothschild v. Anywhere Advisors LLC*, No. 2:24-cv-304-SPC-KCD, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024). The Court's Guide for Proceeding Without a Lawyer provides:

> If you have internet access, you may also register for PACER (Public Access to Court Electronic Records) and view and print the documents in a case. To register, go to the PACER registration page on the PACER website (www.pacer.gov) or call (800) 676-6856. Using PACER may cost $.10 a page for viewing or printing. PACER will give you details when you register. Problems with PACER should be addressed to PACER, not to the court.

*Guide for Proceeding Without a Lawyer*, p. 13 (Feb. 10, 2022) (available at https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf). Also, beginning June 9, 2026, a *pro se* litigant who is not incarcerated may submit a form online to receive electronic notification of future filings in their case.[2] Plaintiff, however, has not established good cause to permit electronic filing.

As to Plaintiff's Appointment Motion, there is no absolute right to counsel in civil cases, and appointment of counsel is warranted only in "exceptional circumstances." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). There is no rigid test to determine whether exceptional circumstances exist to warrant the appointment of counsel. Instead, courts in this Circuit consider the following nonexclusive factors in determining the existence of exceptional circumstances: 1) the type and complexity of the case; 2) whether the litigant is capable of adequately presenting the case; 3) whether the litigant is in a position to adequately investigate the case; 4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and 5) whether the appointment of counsel would be of service to plaintiff, the court, and possibly the defendant by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination. *See Smith v. Fla. Dept. of Corr.*, 713 F.3d 1059, 1065 n.11 (11th Cir. 2013) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)).

Here, Plaintiff did not allege any facts with which the Court could determine that exceptional circumstances warrant the appointment of counsel. Plaintiff claims she has "made diligent and repeated good faith efforts to retain private legal counsel[,]" but the record lacks any

---

[2] These resources are available on the Court's website at https://www.flmd.uscourts.gov/litigants-without-lawyers and https://apps.flmd.uscourts.gov/proseNEF/.

evidence of these attempts.[3] Doc. 4 at 6. The fact that Plaintiff suffers from a physical impairment is not, in and of itself, an exceptional circumstance warranting the appointment of counsel.[4] Nor is this dispute complex; Plaintiff brings an employment dispute, and while her complaint contains several counts under various employment-related causes of action,[5] the claims alleged do not stand out as exceptional. Thus, the Court finds that Plaintiff has failed to provide adequate justification for the appointment of counsel. Plaintiff is encouraged to contact the Osceola County Bar Association and the Orlando Chapter of the Federal Bar Association, both of which offer attorney referral services and may be able to assist Plaintiff in retaining counsel.[6]

---

[3] Further, Plaintiff concedes that she has capably litigated this dispute on her own, as she reminds the Court she "filed a detailed, eight-count complaint with 32 exhibits, [and] has been actively managing three parallel proceedings simultaneously. . . ." Doc. 4 at 7.

[4] Plaintiff claims it is "physically and practically impossible for her to continue [litigating] without assistance" (Doc. 4 at 7) and asks the Court to "[t]ake judicial notice of Plaintiff's documented medical condition and anticipated surgical schedule, and enter an order providing that Plaintiff shall not be time-barred, defaulted, or otherwise prejudiced by any period of surgical incapacitation, provided Plaintiff or appointed counsel provides reasonable notice to the Court of the anticipated surgery date" (Doc. 4 at 13). The Court notes that Plaintiff's concern with regard to her own availability is an independent issue from the appointment of counsel. Regardless of whether Plaintiff has counsel, Plaintiff must be able to participate in this litigation. Thus, Plaintiff's argument that her potential medical unavailability warrants the appointment of counsel does not persuade the Court.

[5] Plaintiff's complaint includes counts under the Employee Retirement Income Security Act of 1974 (ERISA), the Family and Medical Leave Act (FMLA), the Americans with Disabilities Act (ADA), Title VII, and the Fair Labor Standards Act (FLSA). The allegations in the complaint all arise out of Plaintiff's former employment by Defendant PennyMac Loan Services, LLC. Doc. 1.

[6] Plaintiff states that her "current medical condition and the realistic prospect of surgical incapacitation during the litigation schedule made it impractical for attorneys to commit to a contingency engagement without certainty of Plaintiff's availability for hearings, depositions, and trial." Doc. 4 at 6-7. Plaintiff "has a documented concern that Chubb, her workers' compensation carrier, may schedule her for surgery during the pendency of this proceeding, which would render her completely unable to litigate this action for an extended recovery period." Doc. 4 at 3-4. Plaintiff's potential unavailability remains immaterial to the evaluation of whether or not to appoint counsel. If Plaintiff is scheduled for surgery at some point during this litigation, she may move to stay proceedings – but, for now, the Court will not grant the Appointment Motion based

Accordingly, it is **ORDERED** that:

1. The CM/ECF Motion (Doc. 3) is **DENIED**.

2. The Appointment Motion (Doc. 4) is **DENIED**.

**ORDERED** in Orlando, Florida on October 2, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

on the chance Plaintiff may have to undergo a surgical procedure at some point during these proceedings.