FILED - USDC - FLMD - ORL
NOV 10 2026 PM2:46

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

RENEE RUSSELL (formerly Renee Perez), Plaintiff,

v. PENNYMAC LOAN SERVICES, LLC, a/k/a PRIVATE NATIONAL MORTGAGE ACCEPTANCE COMPANY, LLC, Defendant.

Case No. 6:26-cv-01650-JSS-DCI

**PLAINTIFF'S LIMITED SUR-REPLY TO DEFENDANT'S REPLY (DOC. 18)**

## I. LIMITED PURPOSE

Under the October 22, 2026 Order (Doc. 23), Plaintiff addresses only the issues in Doc. 22 ¶¶2–3: Defendant's new interpretation of the 2023 Mutual Arbitration Policy ("MAP") retirement-plan exclusion, its treatment of statutory ERISA claims, and its assertion that no Plan claim was submitted. Doc. 18 at 4–6. Plaintiff does not renew unrelated arguments.

## II. THE MAP EXCLUSION AND PLAN PROCEDURES

The MAP excludes "claims based on a retirement or benefit plan containing an arbitration or other resolution procedure." Compl. Ex. 2; Doc. 14 at 4–5. Defendant would require a procedure "unique" to the Plan and "conflict[ing]" with the MAP. Doc. 18 at 6. Those words are absent from the exclusion. Plaintiff does not argue

that every ERISA claims procedure necessarily triggers it; the actual Plan provisions and pleaded claims control.

The November 4, 2026 production ("Plan Production") includes the Basic Plan, Adoption Agreement, and SPD. Basic Plan §19.01 authorizes the Administrator to "resolve any disputes arising under the Plan"; §19.03 incorporates claims and review procedures and addresses litigation following review. Plan Production PDF pp. 74–75. SPD §X provides initial claim, adverse determination, appeal, and judicial-review procedures. Id. pp. 223–224. Adoption Agreement §§1.19–1.21 govern distribution eligibility, form, and timing, not a substitute claims procedure. Id. pp. 105–108.

Defendant's November 4 response says the Plan has no separate alternative-dispute-resolution process. Id. p. 2. That characterization does not eliminate the written claims-and-review mechanism. Defendant cited Plan terms in its June 15 letter, but provided the complete Basic Plan and Adoption Agreement only November 4, after briefing; the SPD was supplied February 5. Those documents were produced by Defendant, not filed with the Court. If the Court considers the governing provisions necessary to resolve the limited MAP-exclusion issue, Defendant is positioned to submit the documents it cited and produced. Plaintiff retains the relevant excerpts and will provide them if the Court directs.

## III. STATUTORY ERISA CLAIMS AND EXHAUSTION

Count I alleges breach of fiduciary duties under ERISA §404 (29 U.S.C. §1104); Count II alleges benefit interference under ERISA §510 (29 U.S.C. §1140). Compl. at 18–19. ERISA §502(a) (29 U.S.C. §1132(a)) supplies civil-enforcement mechanisms; Plaintiff's opposition referenced the SPD's recognition of a §502(a) civil action following adverse review. Doc. 14 at 4–5, 16. Plaintiff does not assert a new count or specify an unpleaded §502(a) subsection here. Defendant distinguishes the pleaded statutory claims from claims for Plan benefits. Doc. 18 at 5–6. But the MAP says "based on a retirement or benefit plan," not "for benefits." Plaintiff does not contend statutory ERISA claims are categorically exempt from arbitration; the contractual exclusion must be construed on its own terms.

In Bolton v. Inland Fresh Seafood Corp. of America, Inc., No. 24-10084, slip op. at 2, 12, 14–17 (11th Cir. Oct. 13, 2026) (en banc), the Eleventh Circuit overruled Mason v. Continental Group, Inc., 763 F.2d 1219 (11th Cir. 1985), insofar as Mason imposed judicially created exhaustion for statutory ERISA claims. Bolton did not decide whether Plan terms may contractually require exhaustion of statutory claims or whether an employment MAP covers them. Basic Plan §19.03 addresses exhaustion for judicial review of adverse benefit determinations and contains broader litigation language. Plan Production PDF pp. 74–75. Exhaustion and MAP coverage remain separate questions.

**IV. DOCUMENTED REQUESTS AND NOTICE**

Defendant asserts Plaintiff "never submitted a claim through Pennymac's 401(k) plan's administrative claims procedure." Doc. 18 at 5. Plaintiff does not claim to have completed a formal Plan appeal, but disputes any implication that she knowingly bypassed an explained procedure. Plaintiff stopped working August 11, 2025 while pursuing an active workers' compensation claim; on September 17 she underwent open carpal tunnel release surgery on her dominant right hand. During recovery, Defendant continued treating her as an active employee on leave, restricting her requested rollover. Plaintiff had not been determined disabled under the Plan's distribution terms. She was not told of the formal claims-and-appeals process or furnished the governing documents during her repeated inquiries. November 4, 2025: Plaintiff sought a rollover through Fidelity, as Defendant acknowledged in its June 15, 2026 letter. Pl.'s Opp. Ex. 17C (filed exhibit PDF pp. 16–19). November 11–17: Plaintiff contacted Christopher Wood and Kim Lappin about Fidelity information, records, and employer updates. November 18: Plaintiff contacted Cynthia Marino and Lappin; Pam Boss of Benefits referred her to Fidelity, and Plaintiff reported Fidelity still identified an employer restriction. November 24–25: Plaintiff renewed requests to Boss, Marino, Benefits, and Leave Administration; Marino said active employees could not roll over funds, a classification Plaintiff disputed.

December 2025–January 8, 2026: Plaintiff continued contacting Fidelity. Her January 8 email to HR Director Jenny Rhodes and CEO David Spector identified Fidelity case W447872-08DEC25, reported Fidelity's unsuccessful attempts to obtain PennyMac's response, and explained Fidelity directed her to management. Plaintiff's EEOC charge alleging discrimination and retaliation was filed through counsel December 22, 2025, before that escalation. Compl. Ex. 5.

January 9, 2026: Plaintiff renewed her request at approximately 4:45 a.m. At 9:58 a.m., Rhodes, copying Spector and Lappin, reiterated Plaintiff's active-on-leave classification and proposed processing her resignation to facilitate a rollover. Plaintiff objected at 11:24 a.m. At 4:38 p.m., Aaron Nava of Troutman Pepper Locke, copying Plaintiff's then-counsel Sawyer Frescoln, confirmed representation of PennyMac in employment matters including the pending EEOC charge, acknowledged the 401(k) and employment-status correspondence, and instructed Plaintiff to cease direct contact with PennyMac officials. Plaintiff states she had not previously been informed of outside counsel. The sequence documents Plaintiff's repeated efforts to obtain a distribution, the absence of meaningful notice of the Plan's administrative review procedure, and Defendant's proposal that Plaintiff resign to facilitate the rollover. Plaintiff does not contend that these communications constituted a completed formal Plan appeal.

January 22–February 5, 2026: Plaintiff sought the legal basis for the restriction and the SPD on January 22. Pl.'s Opp. Ex. 16A (filed exhibit PDF p. 35). She resigned under protest January 23; the funds were released January 28. Counsel supplied the SPD February 5. Id. Ex. 16B (filed exhibit PDF p. 37). From her initial documented Fidelity rollover request on November 4, 2025, through the production of the complete governing Plan documents on November 4, 2026, Plaintiff spent one year attempting to resolve the distribution dispute and obtain the information necessary to understand the applicable procedures. Although her funds were released January 28, 2026, her efforts to obtain the governing documents and an explanation of the administrative process continued thereafter. Plaintiff disputes that she knowingly bypassed an unexplained procedure, without claiming to have completed a formal appeal. Additional contemporaneous emails are not attached; Plaintiff retains them and will provide authenticated copies if the Court directs.

**V. REQUESTED DISPOSITION**

Plaintiff requests that the Court interpret the MAP exclusion as written, consider the actual Plan procedures, determine whether Counts I and II are "based on" that Plan, and address any exhaustion issue separately under Bolton. If the exclusion applies, Plaintiff requests denial of compelled arbitration under the employment MAP as to those counts. Plaintiff seeks no merits ruling.

Respectfully submitted,

/s/ Renee Russell

Renee Russell, Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on 11/6, 2026, I served a true and correct copy of this filing on Dale A. Evans Jr., Troutman Pepper Locke LLP, 777 South Flagler Drive, Suite 215 East Tower, West Palm Beach, FL 33401, by U.S. First-Class Mail, postage prepaid.

/s/ Renee Russell